**YING YAN GUO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1797–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney for the Southern District of West Virginia, Betty A. Pullin, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Ying Yan Guo, though counsel, petitions for review of the BIA decision denying his

motion to reconsider its order affirming an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). Although the BIA did not explicitly deny Guo's motion on the ground that he presented arguments previously rejected by the BIA, its observation that he failed to assert any specific claim of error in its previous decision reflects Guo's mere reiteration of his disagreement with the agency's determination that he did not establish eligibility for relief. Because the BIA had already rejected these arguments on direct appeal, it did not abuse its discretion in denying the motion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

Guo also contends that *Klodiana Pasha v. Gonzales* 433 F.3d 530, 534 (7th Cir. 2005), precludes the BIA from denying his motion to reconsider on the grounds that he failed to properly exhaust all administrative remedies as required by 8 U.S.C. § 1252(d)(1). *Klodiana Pasha*, however, is not analogous to Guo's procedural situation. It pertains to the preservation and exhaustion of claims for judicial review of the BIA's decision on the merits of an applicant's claim. 433 F.3d at 532–34. By contrast, the BIA determined that a motion to reconsider was not the appropriate forum for Guo to challenge an adverse credibility finding for the first time; the issue would have been properly raised during the direct appeal process. At issue in Guo's case is the proper subject matter of a motion to reconsider, not whether claims

have been properly exhausted or preserved for judicial review. As a motion to reconsider is not a substitute for another appeal, *Matter of Guevara*, 20 I. & N. Dec 238, 1990 WL 385763 (BIA 1990), the Seventh Circuit caselaw, even were it binding, is not relevant. The BIA did not abuse its discretion in denying Guo's motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).